UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA L. MITCHELL, | No. 2:15-cv-0911-CKD |
| Plaintiff, | |
| v. | ORDER |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for waiver of an overpayment of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

I.   Factual and Procedural Background

In a decision dated January 19, 2005, an administrative law judge ("ALJ") determined that plaintiff was disabled for purposes of the Act as of January 1, 2002, because she met the applicable listing for the impairment of visual acuity and, as of March 2003, peripheral vision. Administrative Transcript ("AT") 10. In a decision dated September 25, 2013, the ALJ found plaintiff was overpaid $6,817.75 due to work activity; plaintiff was not "without fault" in causing

1

or accepting the overpayment; and recovery of the overpayment shall not be waived.[1]  AT 10-16.

Plaintiff contests the proof of overpayment, contends she was without fault in the overpayment, and provides additional arguments that she was discriminated against and was subject to bias by the ALJ and Administration due to her status as a blind individual. Accordingly, plaintiff contends the Commissioner should waive repayment, and requests that the court issue an "order requiring compliance with the class action order including payment of back benefits of [plaintiff] being found SSI blind disabled, retraining district office staff on how to interpret an ALJ decision finding an individual blind including overpayment issues, provide all agency notices since 2005, and apologize to [plaintiff's] representative for failure to notify and address reconsideration and requests for hearing." ECF Nos. 18 at 14, 25 at 15.[2]

II.     Standard of Review

As an initial matter, "the Commissioner bears the burden of proving the fact and amount of overpayment."  McCarthy v. Apfel, 221 F.3d 1119, 1124 (9th Cir. 2000).  To meet this burden, the Commissioner must establish that: (1) the claimant received benefits during the period for which the Commissioner claims there was an overpayment; (2) that those benefits were in excess of the amount to which the claimant was entitled; and (3) that the overpayment was in the amount the Commissioner claims.  Id.  When the Commissioner's determination regarding the fact and/or amount of overpayment is challenged, the court must determine whether the Commissioner's conclusion is supported by substantial evidence.  Id.

/////

---

[1] An ALJ had previously remanded the action on February 6, 2012 to the Administration for further development of the evidence as to the calculation of benefits and overpayment after finding that the Commissioner had not met her burden to provide sufficient evidence as to the fact and amount of overpayment.  AT 21-25.  The Commissioner subsequently recalculated plaintiff's benefits and amount of overpayment and submitted that evidence in support of the Administration's finding of overpayment, which the ALJ decision now at issue relied on to support the conclusion that plaintiff received an overpayment and was not entitled to a waiver of recovery of that overpayment.

[2] Plaintiff filed a first motion for summary judgment on March 25, 2016, and a second motion for summary judgment on June 30, 2016.  ECF Nos. 18, 25.  A review of these two motions shows that they advance the same substantive arguments.  Accordingly, the court addresses these two separate filings as if they are a single motion for summary judgment.

Once the fact and amount of overpayment has been established, the Commissioner must then determine whether the claimant is entitled to a waiver of recovery of that overpayment. The Commissioner's refusal to waive recovery of disability payments must be based on proper legal standards and supported by substantial evidence. Albalos v. Sullivan, 907 F.2d 871, 873 (9th Cir. 1990); Harrison v. Heckler, 746 F.2d 480, 481 (9th Cir. 1984); 42 U.S.C. § 405(g). The Commissioner must recover overpayments unless the recipient was (1) "without fault", and (2) recovery would either (a) defeat the purpose of Title XVI of the Act or (b) be against equity and good conscience. 42 U.S.C. § 404(b); see also 20 C.F.R. § 416.550. Only if an individual is "without fault" does the Commissioner consider whether to waive recovery.

The burden is on the recipient to show she is without fault. See Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990); Harrison v. Heckler, 746 F.2d 480, 482 (9th Cir. 1984). This court reviews the Commissioner's denial of a waiver request to determine if the proper legal standard was applied and if the denial is supported by substantial evidence. Albalos v. Sullivan, 907 F.2d 871, 873 (9th Cir. 1990); Harrison, 746 F.2d at 481; 42 U.S.C. § 405(g).

III.   Analysis

   A.   Overpayment

First, plaintiff contends the Commissioner's proof of overpayment was inadequate, and that the ALJ erred in relying on that evidence to support his determination that plaintiff had been overpaid and the amount of that overpayment. Specifically, she argues that the Commissioner's sole piece of evidence of overpayment in the record was a notice letter it had sent to plaintiff on October 3, 2012, which was legally insufficient to support the Commissioner's burden—and the ALJ's finding that Commissioner had met her burden—under the standards set forth in the Ninth Circuit Court of Appeals' ruling in McCarthy v. Apfel, 221 F.3d 1119 (9th Cir. 2000).

In McCarthy, the Ninth Circuit Court of Appeals held that the Commissioner's use of only the initial notice letter that had been sent to the plaintiff notifying him that the Commissioner believed that the plaintiff had been overpaid and specifying in general terms the amounts of overpayment received over the relevant period was insufficient to meet the Commissioner's burden in demonstrating the amount of overpayment. 221 F.3d at 1126. In reaching this

3

determination, the Court found that the letter used in that case as the sole piece of evidence regarding the amount of overpayment reflected little more than "[t]he Commissioner's unsubstantiated belief that particular payments were made," which was not enough to meet the Commissioner's burden. Id. The Court held further that "the Commissioner must present reliable evidence of the particular overpayments," and provided several non-exhaustive examples of such evidence, including canceled checks, the claimant's bank records showing the deposit of checks matching the claimed payments, and "the claimant's own prior admissions that he received payments in the claimed amounts." Id. The court noted in its opinion, however, that such examples were by no means "an exhaustive list of the types of evidence by which the Commissioner could satisfy [her] burden." Id.

Here, the only evidence the Commissioner submitted was a "revised award" letter dated October 3, 2012 that was sent to plaintiff to notify her that the amount of benefits to which she was entitled had been adjusted for the period between February of 2002 and February of 2011 based on evidence of varying amounts of monthly income she had received from employment during that period. AT 34-42. That letter also includes an attached document entitled "SSI Monthly Manual Payment Computation Summary," which consists of a chart that breaks down the amount of federal and state SSI benefits plaintiff was paid and the amount to which she was entitled based on the adjusted rate on a month-by-month basis for the entire period between February of 2002 and February of 2011. AT 38-42. The chart further calculates the amount of overpayment on a month-by-month and a net total basis.[3] Id. The chart also identifies plaintiff by name and social security number as the "payee" with regard to the calculated amounts. Id. The ALJ relied on this evidence to determine that the Commissioner had met her burden as to the fact and amount of overpayment plaintiff received. AT 14.

/////

---

[3] The chart also sets out the total underpayment plaintiff received with regard to her state benefits on a month-by-month and net total basis and calculates that amount against the net total federal overpayment amount to arrive at the net total amount of overpayment. AT 38-42. During the relevant period, plaintiff also received an underpayment of federal benefits for some months, which was also calculated against the net total federal overpayment. Id.

4

1    The Commissioner argues that the letter submitted to establish the fact and amount of
overpayment in this case is distinguishable from the letter that was found insufficient in
McCarthy. The Commissioner contends that the letter in this case is more analogous to the
document the United States District Court for the Northern District of California recently found to
be sufficient to meet the standards set forth in McCarthy in the case Romero v. Colvin, 2014 WL
573649 (N.D. Cal. February 12, 2014). In Romero, the court found that a document detailing the
history of payments the Administration made to the plaintiff over the course of the period for
which there was a claimed overpayment that also "contain[ed] Plaintiff's name, social security
number and address, as well as bank account information, showing Plaintiff as payee," to be
substantial evidence regarding the amount of overpayment. Id. at *3. The court agrees with the
Commissioner and finds the evidence submitted here to be similarly sufficient to meet the
standard explained in McCarthy.

Unlike the letter at issue in McCarthy, the evidence here consists of more than just the
notice letter sent to plaintiff regarding the overpayments; it also includes a separate, official
"Manual Payment Computation Summary" itemizing the overpayments on a month-by-month
basis. In addition, unlike the chart included as part of the letter in McCarthy, which consisted of
little more than a brief statement of the amounts the Commissioner believed plaintiff had received
and the amounts she should have received during four different timespans within the relevant
period and an overall amount of alleged overpayment, the computation summary here lays out the
federal and state payments plaintiff actually received and should have received in light of the
adjusted amounts to which she was entitled for each month of the relevant period, the monthly
amount of overpayment or underpayment, and the net total amount of overpayment. AT 38-42.
Furthermore, the evidence here clearly identifies plaintiff as the "payee" of the amounts contained
in that summary by her name, social security number, and address. AT 34-42.

While unlike in Romero, the documents here do not contain plaintiff's bank information,
the absence of such information does not mean that they cannot constitute substantial evidence
under the circumstances. The Ninth Circuit Court of Appeals noted in McCarthy that there is no
"exhaustive list of the types of evidence by which the Commissioner could satisfy [her] burden,"

5

and the totality of the evidence here demonstrates that plaintiff received the payments at issue here. 221 F.3d at 1126. Like the plaintiffs in McCarthy and Romero, plaintiff here has applied for a waiver of recovery for the entire period of overpayment, AT 26-32, 49, which tacitly indicates that she did receive the overpayments detailed in the Commissioner's computation summary. See McCarthy, 221 F.3d at 1125 (upholding district court's finding that plaintiff tacitly admitted to fact of overpayment by seeking waiver); Romero, 2014 WL 573649, at *4 (finding plaintiff's application for waiver of recovery to be substantial evidence of the fact that she received overpayment even though plaintiff did not expressly admit as much). Accordingly, the lack of information regarding plaintiff's bank account in the documentary evidence does not mean that there did not exist substantial evidence that plaintiff received the payments at issue.

Furthermore, plaintiff contests only that the evidence the Commissioner provided as to the amount was insufficient to meet her burden, not that the amounts that evidence reflects are in some way incorrect. As discussed above, the Commissioner's computation summary provides a detailed breakdown of the amount of each payment plaintiff received each month, how much she was actually entitled to on any given month, and an accurate accounting of the difference between those two amounts. The court finds that the evidence the Commissioner provided to prove the fact and amount of overpayment to be substantial evidence. Accordingly, the ALJ did not err in relying on that evidence to support his determination that the Commissioner met her burden in establishing the fact and amount of overpayment during the relevant period.[4]

### B. Fault

Next, plaintiff argues that the ALJ erred in finding that plaintiff was at fault in causing the overpayment. Specifically, plaintiff contends that the ALJ failed to consider "all pertinent circumstances" because he failed to take into account plaintiff's blindness and the fact that the notices sent to plaintiff did not contain large type and were not otherwise fashioned to be readable

---

[4] Plaintiff also argues that the Administration improperly calculated her benefits by not providing an additional payment each month based on plaintiff's blindness for part of the relevant period. However, the record demonstrates that the Administration fixed this error prior to the date of the ALJ's decision and the proper adjustments were reflected in the evidence the ALJ relied on to support his determination that the amount of overpayment was correct. Accordingly, this additional argument is meritless.

1  by a blind beneficiary.  However, even assuming that plaintiff's impairment rendered her unable
2  to easily read the notices that were sent to her, the record demonstrates that the overpayment
3  notices based on plaintiff's failure to report her income were also sent to plaintiff's representative,
4  Andrew Ragnes, plaintiff responded to those notices by stating that she did not have additional
5  income, and plaintiff was also verbally made aware of her duty to provide all of her paystubs
6  reflecting the income she received from her employer.  See, e.g., AT 49, 108, 110, 114, 122, 149,
7  162-72, 196-97, 201-202, 209.  Accordingly, the record shows that plaintiff, through her
8  representative, was able to read and understand the overpayment notices she was sent, and
9  received additional verbal instructions regarding her duty to report her outside income, thus
10 demonstrating that the circumstances of her blindness did not cause plaintiff to underreport or fail
11 to report her income, which led to the overpayments at issue.  Therefore, the ALJ did not err in
12 not finding that plaintiff's blindness precluded her from being found at fault for the overpayment.
13         Moreover, the record itself provides substantial evidence to support the ALJ's
14 determination that plaintiff was at fault for the overpayment, and therefore was not entitled to a
15 waiver of repayment.  Under the applicable regulations, "an individual will be found to have been
16 at fault in connection with an overpayment when an incorrect payment resulted from one of the
17 following: (a) Failure to furnish information which the individual knew or should have known
18 was material; (b) An incorrect statement made by the individual which he knew or should have
19 known was incorrect (this includes the individual's furnishing his opinion or conclusion when he
20 was asked for facts), or (c) The individual did not return a payment which he knew or could have
21 been expected to know was incorrect." 20 C.F.R. § 416.552; see also McCarthy, 221 F.3d at
22 1126.  All the circumstances, including the recipient's age, intelligence, education, and physical
23 and mental condition must be considered.  See 42 U.S.C. § 404(b); 20 C.F.R. § 416.552.
24 Determining an individual's fault is "highly subjective, and highly dependent on the interaction
25 between the intentions and state of mind of the claimant and the peculiar circumstances of his
26 situation." Albalos, 907 F.2d at 873 (citing Elliott v. Weinberger, 564 F.2d 1219, 1233 (9th Cir.
27 1977), aff'd in part and rev'd in part sub nom. Califano v. Yamasaki, 442 U.S. 682 (1979)).  In
28 deciding fault, the credibility of the claimant and of the other witnesses is considered by the trier

of fact who observes their demeanor and attitude. Elliott, 564 F.2d at 1232. As summarized by the Ninth Circuit Court of Appeals in Elliott, "[u]nlike a disability determination, a decision of whether a person is at fault requires that the decision maker see the person, size up the testimony, and have an opportunity to question the individual about the circumstances involved in his claimed failure to recognized that an overpayment was made." Id. The Commissioner's finding that a recipient was at fault in receiving overpayment must be upheld if supported by substantial evidence. Albalos, 907 F.2d at 873; Anderson, 914 F.2d at 1123-24.

Here, the ALJ found plaintiff at fault for the overpayment because she "habitually and repeatedly either not reported income or underreported income." AT 15. This rationale demonstrates that plaintiff was at fault under all three rubrics set forth in 20 C.F.R. § 416.552. Moreover, substantial evidence from the record supports this determination. As the ALJ highlighted in his decision, the record contains ample evidence that plaintiff underreported or failed to report income she earned from employment during the period at issue. For instance, plaintiff represented to an Administration employee on July 24, 2012 that she "was no longer working, had none of her paystubs and didn't think she worked since 2011." AT 114. However, the Administration received verification from plaintiff's employer, IHSS, the next day "that [plaintiff] has in fact worked continuously since at least 01/2011 and is still working." Id. The record also includes other evidence that plaintiff had understood her obligation to report any income she received during the period prior to January 2011, but only provided some of her paystubs she received from her employer. See, e.g., AT 65-84, 106-10, 202. Accordingly, the record provided substantial support for the ALJ's determination that plaintiff was at fault.[5] In sum, the ALJ did not err in his fault determination because it was based on the proper legal standards and supported by substantial evidence. See Albalos, 907 F.2d at 873.

/////

---

[5] Plaintiff also argues that she was not aware that she had to report her IHSS wages as income for purposes of receiving benefits because such income is not classified as "income" by the Internal Revenue Service. This argument is without merit, however, because as the Commissioner demonstrates in her briefing, such wages are treated as income by the Administration for purposes of calculating benefits under the circumstances presented here. See Programs Operation Manual System ("POMS") SI 01320.175; POMS SI 00830.400.

C.  Plaintiff's Other Arguments

In addition to contesting the ALJ's overpayment decision on its merits, plaintiff also advances several arguments relating to allegations of discrimination plaintiff faced on the basis of her status as a blind person in connection with the Commissioner's failure to provide notices relating to her disability benefits that properly accommodated her blindness, and initial failure to provide her additional benefits based on her blindness despite her entitlement to those benefits. Plaintiff requests that, because she is a member of the class of blind social security disabled, the court issue an order requiring the Commissioner to comply "with the class action order including payment of back benefits of her being found SSI blind disabled, retraining district office staff on how to interpret an ALJ decision finding an individual blind including overpayment issues, provide all agency notices since 2005, and apologize to [her] representative for failure to notify and address reconsideration and requests for hearing." (ECF No. 18 at 14.)

Pursuant to 42 U.S.C. § 405(g), the court has jurisdiction to review only a "final decision of the Commissioner of Social Security made after a hearing." Accordingly, the court's review in this action is limited to whether the ALJ's September 25, 2013 decision that plaintiff is liable for repayment of the overpayment of SSI benefits she received was supported by substantial evidence and a correct application of the relevant law. See Albalos, 907 F.2d at 873; Harrison, 746 F.2d at 481. To the extent plaintiff requests that the court review other administrative actions beyond the ALJ's decision or seeks to assert other claims relating to discrimination or violations of her and her representative's due process rights, this action is not the appropriate vehicle to assert those claims. Acting pursuant to § 405(g), this court lacks jurisdiction to address such claims and arguments.

Plaintiff argues further that her discrimination claim can be treated as being analogous to a claim that the ALJ acted with bias in denying her discrimination complaint as part of his overall decision, an administrative action that is reviewable under § 405(g).

"ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased. This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001)

1 (quoting Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999)) (citation and internal quotation marks omitted).  In order to demonstrate that an ALJ exhibited prejudicial bias, a claimant must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'"  Id. (quoting Liteky, 510 U.S. at 551).

Here, the ALJ denied plaintiff's discrimination claims on the basis that the "Social Security Administration hearing process is not the proper venue for issues such as [those]."  AT 11.  Generally, the scope of administrative review over a claimant's application for waiver of overpayment or other claim that the Commissioner's notice of overpayment is not legally enforceable is limited to a review of whether the overpayment or part of the overpayment is actually legally enforceable.  See 20 C.F.R. §§ 416.582, 416.583.  Accordingly, it was reasonable for the ALJ to determine that plaintiff's additional discrimination claims were not properly asserted in that venue.  Moreover, plaintiff in no way demonstrates how this appropriate denial of plaintiff's additional claims, or any other aspect of the ALJ's decision or conduct, exhibited bias so extreme as to render the ALJ unable to render fair judgment in this action.  As discussed above, the ALJ provided a well-reasoned decision that was supported by substantial evidence in the record.  Plaintiff fails to rebut the presumption that the ALJ was unbiased in his decision.  Accordingly, plaintiff's bias argument is not well taken.

IV.   Conclusion

The ALJ's overpayment decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand (ECF Nos. 18, 25) is denied, and

2. The Commissioner's cross-motion for summary judgment (ECF No. 26) is granted.

3. Judgment is entered for the Commissioner.

Dated:  January 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 mitchell0911.ss.overpayment